UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALBERT OLEGOVICH BOYARKIN,
*as guardian and legal representative*
*of Oleg Albertovich Boyarkin*,

      Plaintiff,

      v.                           Case No. 8:26-cv-366-WFJ-SPF

ALEXEY SKOREV,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion to Proceed in Forma Pauperis ("IFP Motion"). (Doc. 2). Upon review of Plaintiff's Complaint (Doc. 1) and IFP Motion (Doc. 2), the undersigned recommends that Plaintiff's motion be denied without prejudice and the complaint be dismissed.

Plaintiff Albert Olegovich Boyarkin filed this action in February 2026 on behalf of Oleg Albertovich Boyarkin seeking damages related to an altercation between Oleg and Defendant Alexey Skorev that occurred in June 2020. (Doc. 1). Defendant was in a relationship with Oleg's ex-wife and, during a visit to Oleg's home, Defendant allegedly attacked Oleg and caused damage to Oleg's vehicle. (*Id.*). Oleg later gave Plaintiff power of attorney before, in 2025, Oleg was found to be incompetent after being charged for repeatedly stealing from a store. (*Id.*); (Doc. 1-1) (sealed). Oleg was examined by psychologists who recommended that Oleg be found incompetent to stand trial and suggested that the mental infirmity may have been caused by a naturally progressing illness that impacted his memory and cognitive function. (Doc. 1-1) (sealed).

Plaintiff now asserts "violations of [Oleg's] rights protected by the Constitution and laws of the United States," and "supplemental state-law claims" against Defendant. (Doc. 1). He seeks damages from Defendant in the amount of $86,000 to cover the cost of repairing Oleg's car and Oleg's medical costs resulting from the attack. (*Id.*). Plaintiff, Oleg, and Defendant are all Florida residents. (*Id.*). Moreover, Oleg receives certain government benefits, including subsidized housing and food assistance. (Doc. 1-1) (sealed).

The Court may authorize the commencement of any suit, action, or proceeding without payment of fees and costs or security by a person who submits an affidavit that includes a statement of all assets such person possesses and establishes that the person cannot pay such fees or give security. 28 U.S.C. § 1915(a). The *in forma pauperis* statute, 28 U.S.C. § 1915, "ensures that indigent persons will have equal access to the judicial system." *Attwood v. Singletary*, 105 F.3d 610, 612 (11th Cir. 1997) (per curiam) (citing *Coppedge v. United States*, 369 U.S. 438, 446-47 (1962)). "[P]roceeding *in forma pauperis* is a privilege, not a right." *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986). While the district court has wide discretion in ruling on an application for leave to proceed *in forma pauperis*, it should grant such a privilege "'sparingly' in civil cases for damages." *Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916 (11th Cir. 2014) (per curiam) (quoting *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004) (per curiam)).

When considering whether a litigant is indigent under section 1915, "'[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty.'" *Martinez*, 364 F.3d at 1307 (quoting *Watson v. Ault*, 525 F.2d 886, 891 (11th Cir. 1976)) (alterations in original). The applicant does not, however, need to show she is "absolutely destitute." *Id.* In making the poverty determination, the Court is

2

obliged to assess Plaintiff's indigence by comparing her assets against her liabilities. *Thomas*, 574 F. App'x at 916; *Martinez*, 364 F.3d at 1306.

When an application to proceed *in forma pauperis* is filed, the court must review the case and dismiss it *sua sponte* if the court determines the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A suit is frivolous when it is "without any merit in fact or law." *Selensky v. Alabama*, 619 F. App'x 846, 848 (2015).[1] Where a district court determines from the face of the complaint that the factual allegations are baseless or the legal theories are without merit, the court may conclude that the case has little or no chance of success and dismiss the complaint before service of process. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

The phrase "fails to state a claim on which relief may be granted" has the same meaning as the nearly identical phrase in Rule 12(b)(6), Federal Rules of Civil Procedure. *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii)."). Namely:

> To withstand a motion to dismiss, a complaint must state a "plausible" claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). This requires sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at ——, 129 S.Ct. at 1949. Although we must accept all factual allegations in the complaint as true, we need not apply this rule to legal conclusions. *Id.* at ——, 129 S.Ct. at 1949. Furthermore, the factual allegations must go beyond "naked assertions" and establish more than "a sheer possibility" of unlawful activity. *Id.* at ——, 129 S.Ct. at 1949 (quotation

---

[1] Unpublished opinions of the Eleventh Circuit Court of Appeals are not considered binding precedent; however, they may be cited as persuasive authority. 11th Cir. R. 36-2.

marks, alteration, and citation omitted). In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007).

*Azar v. Nat'l City Bank*, 382 F. App'x 880, 884 (11th Cir. 2010).

Dismissal is also appropriate if, upon review, the complaint is found to lack subject matter jurisdiction. *Cafaro v. Wyllins*, No. 8:10-cv-1836-T-30EAJ, 2010 WL 3747868, at *1 (M.D. Fla. Sept. 7, 2010), *report and recommendation adopted*, 2010 WL 3747837 (M.D. Fla. Sept. 22, 2010). Finally, in reviewing a complaint, courts hold pro se pleadings to a less stringent standard and, therefore, construe the complaint more liberally. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.").

The Court begins with Plaintiff's IFP motion. Upon review, it is unclear whether he is financially eligible to proceed *in forma pauperis*. The standard way for the Court to compare a movant's income and his expenses is for the movant to submit to the court a completed AO239, Application to Proceed in District Court without Prepaying Fees or Costs (Long Form). Here, Plaintiff did not submit this form and, of the materials he filed, they only reference certain financial information for Oleg. There is no information about Plaintiff's own finances. Therefore, without more, the Court is unable to assess Plaintiff's eligibility for *in forma pauperis* status.

Before turning to the substance of the Complaint, there is a threshold matter the Court must first address. Plaintiff is not permitted to litigate this action on behalf of Oleg. It is well established that a non-attorney, pro se individual cannot represent third parties in federal court. *Miller v. Byers*, 833 F. App'x 225, 226 n.1 (11th Cir. 2020) (citing *Devine v. Indian River Cty. Sch. Bd.*, 121 F.3d 576, 581–82 (11th Cir. 1997); *Weber v. Garza*, 570 F.2d 511, 514 (5th

4

Cir. 1978));[2] *Colley by and through Colley v. City of Orange Beach, Ala.*, 2025 WL 3143283, at *2 n.3 (N.D. Ala. Nov. 10, 2025) (collecting cases). This is true even where the litigant has the third party's power of attorney. *Miller*, 833 F. App'x 226 n.1 (citing *Devine*, 121 F.3d at 581–82; *Weber*, 570 F.2d at 514). Here, Plaintiff does not indicate that he is an attorney licensed to practice in this Court though he repeatedly emphasizes that he brings this action solely on behalf of Oleg. This is not permitted.

Turning now to the Complaint, it is due to be dismissed because it does not provide sufficient support for the Court's subject matter jurisdiction or provide clarity regarding whether the claims are time-barred. As to subject matter jurisdiction, actions brought pursuant to the United States Constitution, federal statutes, or treaties enjoy federal question jurisdiction in federal court. 28 U.S.C. § 1331. On the other hand, a court can exercise diversity jurisdiction where (1) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs; and (2) there is complete diversity of citizenship. 28 U.S.C. § 1332(a)(1); *see also Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000). "When jurisdiction is based on diversity of citizenship, 28 U.S.C. § 1332, the plaintiff's complaint must specifically allege each party's citizenship, and these allegations must show that the plaintiff and defendant are citizens of different states." *Am. Motorists Ins. Co. v. Am. Emp'rs' Ins. Co.*, 600 F.2d 15, 16 (5th Cir. 1979). In other words, no party plaintiff may be a citizen of the same state as any of the defendants. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). However, when an action is brought under the United States Constitution or federal law, a court may exercise supplemental jurisdiction over state law

---

[2] The case law of the Fifth Circuit prior to September 30, 1981, has been adopted as precedent in this judicial circuit. *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

claims in the same case if those claims arise from the same conduct and circumstances as the federal claims, and thus form part of the same case or controversy. 28 U.S.C. § 1367(a); *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966); *Palmer v. Hosp. Auth. Of Randolph Cnty.*, 22 F.3d 1559, 1567-69 (11th Cir. 1994).

Here, although Plaintiff conclusively states that the action is brought under the United States Constitution and federal law, he does not identify which constitutional provisions or federal laws he seeks to invoke or provide facts suggesting which of Oleg's federal rights have been violated. This lack of a federal hook also renders reliance upon supplemental jurisdiction improper.

Even construing the Complaint more broadly does not rectify the jurisdictional issue. As alleged in the Complaint, the facts appear to be most akin to those in state law tort cases, which would require the Court to have diversity jurisdiction. However, because it appears that all parties are citizens of Florida, diversity jurisdiction is unavailable. It is therefore uncertain from the face of the Complaint that the Court is permitted to exercise subject matter jurisdiction.

And for the timeliness of this action, it is unclear whether and to what extent the statute of limitations has run on Plaintiff's claims. For example, if Plaintiff seeks to use section 1983[3] to assert violations of Oleg's constitutional rights, the court would rely upon Florida law for tolling. *Mrythil v. Schade*, 2018 WL 3972183, at *4 (S.D. Fla. Aug. 20, 2018). "The statute of limitations period is four years for [section] 1983 claims arising in Florida" absent some limited circumstances. *Heard v. Publix Supermarkets, Inc.*, 808 F. App'x 904, 906-07 (11th Cir.

---

[3] Section 1983 is a federal law that allows litigants to vindicate their constitutional rights in federal court when they have been violated by state actors. 42 U.S.C. § 1983.

2020) (citing *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003).    One of those circumstances is when the plaintiff has been adjudicated as incapacitated, at which point the action must be brought within seven years. *Id.*; Fla. Stat. § 95.051.  The same would be true if Plaintiff's claims are of the state law tort variety and he brought negligence or intentional tort claims.  *Hale v. Wells Fargo Bank*, 2021 WL 767664, at *2 (S.D. Fla. Feb. 26, 2021).

Without the exceptions, Plaintiff's claims appear to have tolled in June 2024, but Plaintiff asserts that Oleg was declared incapacitated in 2025.  It is, however, unclear whether the incompetency exception applies to the instant case.  Importantly, it is unknown whether Oleg was adjudicated as incompetent since the records only establish that examiners believed him to be.  Nor does the Court know the timeframe in which Oleg was found to be incompetent.  Indeed, the statute of limitations would only be tolled during that time when Oleg had been adjudicated as incapacitated *and* did not have a "parent, guardian, or guardian ad litem" to bring the suit on his behalf.  Without more, the Court is unable to determine whether Plaintiff's claims are time barred.

Against this backdrop, the posture of this matter and the claims are unsound.  Plaintiff needs counsel to represent him on behalf of Oleg and then be permitted to address these deficiencies in any subsequent filings.  The Court therefore recommends that Plaintiff be allotted time in which to find representation and then be permitted to file an amended request to proceed *in forma pauperis* and an amended complaint.

For the foregoing reasons, the Court **RECOMMENDS:**

1.  Plaintiff be given thirty (30) days to secure counsel.

2.  Plaintiff's Motion to proceed *in forma pauperis* (Doc. 2) be denied without prejudice with leave to refile a Form AO239 should he secure counsel and file an amended complaint.

3.  Plaintiff's Complaint (Doc. 1) be dismissed without prejudice with leave to amend if he secures counsel.

4.  Plaintiff be advised that failure to comply with the Court's Order may result in dismissal of this case with prejudice and without further notice.

**IT IS SO REPORTED** in Tampa, Florida, on February 18, 2026.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so.  28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.  Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1.