# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**ALBERT OLEGOVICH BOYARKIN,** *as guardian and legal representative of Oleg Albertovich Boyarkin*,

      Plaintiff,

v.                                                    Case No: 8:26-cv-00366-WFJ-SPF

**ALEXEY SKOREV**,

      Defendants.

_____/

## <u>ORDER</u>

Before the Court is the United States Magistrate Judge Sean P. Flynn's Report and Recommendation that Plaintiff Albert Olegovich Boyarkin's motion to proceed *in forma pauperis* (Dkt. 2) be denied, and Plaintiff's *pro se* Complaint (S-Dkt. 1) be dismissed without prejudice. Dkt. 4. The time for filing objections has passed.

Absent objection, the Court conducts a "careful and complete" review of the report and recommendation. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982 (*per curiam*) (citation modified). "Clear error" review applies to portions of the report and recommendation to which no objection is made. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (*per curiam*) (citation modified). Legal conclusions are reviewed *de novo* in the absence of an objection. *See LeCroy v.*

*McNeil*, 397 F. App'x 554, 556 (11th Cir. 2010) (citation omitted); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994). The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's report and recommendation. 28 U.S.C. § 636(b)(1); *Williams*, 681 F.2d at 732.

The Magistrate Judge, in a thorough and well-reasoned analysis, found that the motion to proceed without pre-paying the filing fee (Dkt. 2) should be denied and that Plaintiff's Complaint (S-Dkt. 1) should be dismissed without prejudice with leave to amend if he secures counsel. Dkt. 4 at 8. The Magistrate Judge arrived at this conclusion since the Complaint "does not provide sufficient support for the Court's subject matter jurisdiction or provide clarity regarding whether the claims are time-barred." *Id.* at 5. The Court agrees.

Concerning the jurisdictional issue, the Magistrate Judge correctly found that while the Complaint "states that the action is brought under the United States Constitution and federal law, [Plaintiff] does not identify which constitutional provisions or federal laws he seeks to invoke or provide facts suggesting which of Oleg's federal rights have been violated." *Id.* at 5. Even when liberally construing the Complaint, the facts appear to sound in state tort law, which would require the Court to have diversity jurisdiction under 28 U.S.C. § 1332(a). However, because it appears that all parties are Florida citizens, diversity jurisdiction is unavailable. *See* S-Dkt. 1 at 1–2.

Next, the Magistrate Judge correctly concluded that "it is unclear whether and to what extent the statute of limitations has run on Plaintiff's claims." Dkt. 4 at 6. "The statute of limitations period is four years for [section] 1983 claims arising in Florida," absent some limited circumstances. *Heard v. Publix Supermarkets, Inc.*, 808 F. App'x 904, 906-07 (11th Cir. 2020) (citing *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003)). One of those circumstances is when the plaintiff has been adjudicated as incapacitated, at which point the action must be brought within seven years. *Id.*; *see* Fla. Stat. § 95.051(1)(i).

As pled, the Court cannot determine "whether Oleg was adjudicated as incompetent since the records only establish that examiners believed him to be. Nor does the Court know the timeframe in which Oleg was found to be incompetent." Dkt. 4 at 7. Further, "the statute of limitations would only be tolled during that time when Oleg had been adjudicated as incapacitated and did not have a 'parent, guardian, or guardian ad litem' to bring the suit on his behalf." *Id.* (quoting Fla. Stat. § 95.051(1)(i)). Without more, the Court is unable to determine whether Plaintiff's claims are time-barred. Thus, the Court highly recommends that Plaintiff find counsel to represent him on behalf of Oleg in order to address these deficiencies in any subsequent filings.[1]

---

[1] *See e.g.*, Bay Area Volunteer Legal Services—(800) 625-2257; Legal Aid of Manasota—(941) 366-0038.

Finally, the Eleventh Circuit is clear that this Court must give a *pro se* plaintiff "at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018). Plaintiff may make one last attempt to file a complaint that cures the aforementioned deficiencies. However, the Court warns that any subsequent complaint that fails to state a claim will be dismissed with prejudice. *See Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019); *Woldeab*, 885 F.3d at 1291.

## CONCLUSION

Having performed a *de novo* and independent review of the file, and for the sound reasons explained in the Report and Recommendation, it is hereby **ORDERED** and **ADJUDGED** that:

1. The Report and Recommendation, Dkt. 4, is **ADOPTED, CONFIRMED, and APPROVED** in all respects and made a part of this order.

2. Plaintiff's Complaint, S-Dkt. 1, is **DISMISSED without prejudice**;

3. Plaintiff's motion to proceed *in forma pauperis*, Dkt. 2, is **DENIED without prejudice**; and

4. Plaintiff has **thirty (30) days** from the date of this Order to secure counsel and file an amended complaint addressing the problems with his complaint.

If Plaintiff fails to timely file an amended complaint, the Court will dismiss the case with prejudice and without further notice.

**DONE** and **ORDERED** in Tampa, Florida, on March 6, 2026.

              s/*William F. Jung*

             **WILLIAM F. JUNG**
             **UNITED STATES DISTRICT JUDGE**

**Copies furnished to**:
Plaintiff, *pro se*